UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON JAMES NEIHEISEL,

    Petitioner,

vs.                                        Case No.:    3:20-cv-313-J-39JBT
                                                                         3:17-cr-89-J-39JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Jason Neiheisel's Motion to Compel. (Civ. Doc. 4, Motion). The government has responded in opposition (Civ. Doc. 5, Response), and Petitioner has filed a reply (Civ. Doc. 10, Reply).[1]

Petitioner seeks to compel the government to turn over software operating information regarding Torrential Downpour, the operating system federal agents used to identify Defendant's internet protocol address as having engaged in distributing child pornography. Petitioner contends the program may be defective in some way, such that it misidentifies "the existence of child pornography on file sharing platforms." Motion at 2. Petitioner seeks disclosure "so [Petitioner's] expert witnesses can evaluate the software to determine whether exculpatory information is present to the extent that [Petitioner's] previous trial lawyer was incompetent for failing to do the same." Id. at 2-3. The government voluntarily turned over certain information regarding Torrential Downpour's

---

[1]     Docket citations to the criminal case, 3:17-cr-89-J-39JBT, are denoted "Crim. Doc. _." Docket citations to the § 2255 case, 3:20-cv-313-J-39JBT, are denoted "Civ. Doc. _."

1

use in this investigation, but it opposes disclosure of the program's software and coding manuals. Response at 1-2.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "[T]he broad discovery provisions of the Federal Rules of Civil Procedure d[o] not apply in habeas proceedings." Id. (quotation marks and citation omitted). Instead, a petitioner must show "good cause" for discovery, in which case "[a] judge may … authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), Rules Governing Section 2255 Proceedings in the United States District Courts ("Rule(s)"). To show "good cause," a petitioner must set forth "specific allegations" that "show reason to believe that the [petitioner] may, if the facts are fully developed, be able to demonstrate that he … is entitled to relief." Bracy, 520 U.S. at 908-09.

Petitioner has not shown good cause for compelling disclosure of Torrential Downpour's operating information. Petitioner provides no evidence that the program malfunctioned in this case, only speculation that it might have. However, "good cause for discovery cannot arise from mere speculation." Arthur v. Allen, 459 F.3d 1310, 1311 (11th Cir. 2006). As "evidence" of a defect, Petitioner cites the government's resistance to turning over Torrential Downpour for inspection in this case and others, like United States v. Schwier, No. 3:17-cr-00095-SLG, 2020 WL 1258027, at *2 (D. Alaska Mar. 16, 2020)). Petitioner infers that the government's opposition to turning over the software proves ipso facto that the government knows of some defect in the program. Motion at 2. That is an unjustified inferential leap. Another, and probably more likely, explanation is that the

government opposes turning over Torrential Downpour's software code because of the risk it will be compromised if leaked into the wrong hands. See Response at 17-20; (Civ. Doc. 5-2).

Petitioner also suggests there must be a defect in Torrential Downpour because federal agents failed to find child pornography on Petitioner's personal devices. Again, this is mere speculation. This argument wrongly assumes that the only reason agents failed to find illicit files on Petitioner's computer is that Torrential Downpour must have malfunctioned. It ignores the explanation that Petitioner deleted the files, which is what the agents testified that Petitioner admitted to doing after downloading child pornography. (See Crim. Doc. 88, Presentence Investigation Report [PSR] at ¶¶ 13, 15; Crim. Doc. 119, Trial Transcript Vol. II at 116, 135; Crim. Doc. 120, Trial Transcript Vol. III at 52).

Petitioner relies on United States v. Gonzales, No. CR-17-01311-001-PHX-DGC, 2019 WL 669813 (D. Ariz. Feb. 19, 2019), where the district court, bound by Ninth Circuit precedent, allowed one defendant's expert to examine Torrential Downpour in a law enforcement facility. But Gonzales is distinguishable. First, Gonzales was a criminal case, not a § 2255 proceeding. Thus, the applicable standard under which the district court found discovery to be warranted – materiality pursuant to Fed. R. Crim. P. 16(a)(1)(E) – is not the standard in a § 2255 proceeding, see Rule 6(a).[2] Second, the district court allowed discovery for one defendant (while denying it to another) because his expert gave specific testimony explaining how and why she believed Torrential Downpour malfunctioned in that case. Id. at *4-5. Such evidence is lacking here. Even so, the district

---

[2] Indeed, the district court found that discovery of Torrential Downpour would not have been warranted under the standards of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Gonzales, 2019 WL 669813, at *7.

court denied the expert a copy of the program or access to its user manual, finding that such information was protected by the law enforcement privilege. Id. at *7-9.

Petitioner cites no case where a court authorized discovery of Torrential Downpour under the standard of Rule 6. "[A] habeas case is not a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." Borden v. Allen, 646 F.3d 785, 810 n.31 (11th Cir. 2011). Petitioner's allegations raise no more than a speculative inference that Torrential Downpour might have malfunctioned here. Because the Court finds that Petitioner has not shown good cause for discovery, it need not reach the government's argument that the law enforcement privilege applies.

Accordingly, in light of the foregoing discussion, it is **ORDERED** that Petitioner's Motion to Compel (Civ. Doc. 4) is **DENIED**.[3]

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of August, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

lc 19

Copies:
Counsel of Record
Jason Neiheisel

---

[3] In his Reply, Petitioner makes a new request for "globally unique identifying" (GUID) data. Reply at 4-5. The Court does not address new requests for relief raised in a reply.

4